UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN SMITH,<br>Booking #2100597,<br><br>                       Plaintiff,<br><br>vs.<br><br>WILLIAM KROUT #7255, SAN DIEGO POLICE DEPARTMENT, HEAD SHERIFF OF SAN DIEGO JAIL, HEAD OF MEDICAL AT SAN DIEGO JAIL, AMBULANCE COMPANY, THE HEAD OF FEDERAL HOLDING,<br><br>                       Defendants. | Case No.  3:21-cv01170-CAB-BLM<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

**I.  Introduction**

      On June 24, 2021, Benyamin Smith, ("Plaintiff" or "Smith"), who is proceeding pro se, was incarcerated at the Washoe County Detention Center in Reno, Nevada ("WCDC"). He filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Nevada. ECF No. 1-1. The case was transferred to this Court on June 25, 2021. ECF Nos 3–4. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 1.

In his Complaint, Smith alleged violations of his Fourth, Eighth and Fourteenth Amendment rights. Compl., ECF No. 1-1. Smith alleged that on August 8, 2020, he called "police" to report that he was being kidnaped and robbed by the San Diego Police. *Id.* at 5. When he "broke free and ran for [his] life," he claims he was shot by San Diego Police and pushed off of a roof top, breaking his leg. *Id*. He was eventually apprehended, but Smith claimed Defendant Krout denied him access to medical care by telling the ambulance workers (identified as "AMR#11") "not to take [him] to the hospital [but to] just let him die, take him to jail." *Id*. at 3. Smith alleged he was not taken to the hospital by the ambulance, nor was he given any medical attention, such as x-rays and medications. *Id*. Smith also contended that "no investigation was done in my case about being kidnaped and robbed" in order to "cover up everything." *Id*. In addition, he alleged he was stabbed while he was sleeping in jail. *Id*.

## II.   Procedural History

On July 26, 2021, the Court granted Smith's Motion to Proceed IFP, found he had stated a Fourteenth Amendment claim against Defendant Krout for failing to provide Smith with adequate medical care, but dismissed all of his claims against Defendants San Diego Police Department, "Head Sheriff of San Diego Jail," "Head of Medical at San Diego Jail," "Ambulance Company That Took Me To Jail," and "The Head of Federal Holding" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). ECF No. 6. Smith was granted 60 days leave within which to either notify the Court that he wished to proceed with the Fourteenth Amendment claims against Defendant Krout only, or file an Amended Complaint that fixed the pleading deficiencies outlined in the Court's Order. *Id.* at 13–14. Smith was also warned his failure to amend would result in the dismissal of his case. *Id.* at 13 (citing *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

/ / /

/ / /

Smith's Amended Complaint was due on or before September 24, 2021. To date, Plaintiff has failed to amend, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

### III. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute as required by Court's July 26, 2021 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: October 1, 2021

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] In fact, the Court's July 26, 2021 Order (ECF No. 6) was returned to the Clerk of Court as undeliverable by the U.S. Post Office on August 10, 2021. *See* ECF No. 7. "A party proceeding pro se must keep the court and opposing parties advised as to current address." S.D. Cal. CivLR 83.11.b.